UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

**NOLAN, LLC,**

      **Plaintiff,**

                                       **Case No. 05-70982**

**v.**

                                       **HONORABLE DENISE PAGE HOOD**

**EZ MOVING & STORAGE WEST, INC.,**

      **Defendant.**

                                              /

**MEMORANDUM OPINION & ORDER DENYING DEFENDANT'S
MOTION TO STAY COURT PROCEEDINGS PENDING THE
OUTCOME OF U.S. PATENT AND TRADEMARK OFFICE AND
<u>NOTICE OF STATUS CONFERENCE</u>**

**I.    INTRODUCTION**

Plaintiff Nolan, LLC, brings the present action against Defendant EZ Moving & Storage alleging federal and common law trademark infringement, false designation of origin, false representations and dilution, injury to business reputation and state common law dilution, common law unfair competition, and common law unjust enrichment. Plaintiff's Complaint was filed on March 14, 2005, and relates to Plaintiff's U.S. Reg. No. 2,048,705 ("Plaintiff's Registration") for the mark "EZ MINI STORAGE." Shortly thereafter, on April 26, 2005, Defendant's allegedly related company, T.D.C. International Corp. ("TDC"), filed a petition to cancel Plaintiff's Registration with the Trademark Trial and Appeal Board ("TTAB") of the U.S. Patent & Trademark Office ("USPTO"). The petition to cancel by TDC is based on the following claims: (1) EZ MINI STORAGE is a generic designation; (2) Plaintiff's Registration was maintained by fraud; and (3) Plaintiff abandoned the Registration.

This matter is before the Court on Defendant's Motion to Stay District Court Proceedings Pending the Outcome of a Petition to Cancel U.S. Reg. No. 2,048,705 Before the U.S. Patent & Trademark Office or, in the Alternative, to Dismiss under Fed. R. Civ. P. 12(b)(7). Plaintiff filed a Response on May 23, 2005, to which Defendant replied on June 2, 2005. On July 1, 2005, Plaintiff filed a Supplemental Brief. Defendant responded to the Supplemental Brief on July 8, 2005. Plaintiff's supplemental filing informed the Court that the TTAB had granted its motion to suspend the cancellation proceeding. The TTAB suspended its proceedings pending the outcome of the action presently before this Court. The TTAB decision expressly retained the ability to reinstate the cancellation proceeding upon motion should this Court stay this action. For the reasons set forth below, the Court declines to stay Plaintiff's Complaint pending the outcome of the petition to cancel filed with the TTAB.

**II.    APPLICABLE LAW & ANALYSIS**

Defendant moves for a stay of these proceedings based on the argument that "cancellation of the . . . registration would terminate Plaintiff's trademark infringement claim under 15 U.S.C. 1114." (Def.'s Mot. at 3.) Plaintiff asserts a stay should not be granted because "this Court can decide all of the issues pending in the present litigation and in the cancellation proceeding pending before the TTAB." (Pl.'s Resp. at 4.)

Pursuant to 15 U.S.C. § 1119, federal courts have concurrent jurisdiction with the TTAB over issues relating to the registration and cancellation of trademarks. Decisions by the federal court are binding on the TTAB and the USPTO. Id. At the outset, the Court notes that, although the TTAB has already ruled in favor of suspending the proceeding before it, Plaintiff's motion to suspend was filed with the TTAB after Defendant's Motion to Stay was filed with this Court.

Moreover, "[i]t is standard procedure for the TTAB to grant such motions when the issues involved in the court action are related to the issues raised in the Petition to Cancel." (Pl.'s Resp. at 5) (citing *Alfred Dunhill of London, Inc. v. Dunhill Tailored Clothes, Inc.*, 293 F.2d 685 (C.C.P.A. 1961); *Whopper-Burger, Inc. v. Burger King Corp.*, 1971 WL 16554 (T.T.A.B. 1971)). This Court is accordingly not limited by the decision of the TTAB to suspend the cancellation proceeding.

A district court can, at its discretion, stay an action pending the conclusion of an alternative proceeding. *See, e.g., Leyva v. Certified Grocers of California, Ltd.*, 593 F.2d 857, 863–64 (9th Cir. 1979) (citing *Kerotest Mfg. Co. v. C-O-Two Fire Equip. Co.*, 342 U.S. 180 (1952)) ("A trial court may, with propriety, find it is efficient for its own docket and the fairest course for the parties to enter a stay of an action before it, pending resolution of independent proceedings which bear upon the case. This rule applies whether the separate proceedings are judicial, administrative, or arbitral in character, and does not require that the issues in such proceedings are necessarily controlling of the action before the court."). In addition, "[t]he District Court has broad discretion to stay proceedings as an incident to its power to control its own docket." *Clinton v. Jones*, 520 U.S. 681, 706–07 (1997).

Under the primary jurisdiction doctrine, when courts face a question requiring the exercise of administrative discretion, the appropriate federal administrative agency should be allowed to rule on the issue first whenever possible. *See, e.g., W & G Tenn. Imports, Inc. v. Esselte Pendaflex Corp.*, 769 F. Supp. 264, 265 (M.D. Tenn. 1991). "The doctrine is flexible and discretionary, and courts normally examine the facts of each particular case when deciding whether or not is should be applied." *Id.* (citations omitted). In cases considering the validity of a trademark and alleged trademark infringement, the doctrine of primary jurisdiction does not normally apply. *Id.* (citing

3

*Goya Foods, Inc. v. Tropicana Prods., Inc.*, 846 F.2d 848 (2d Cir. 1988); *American Cyanamid Co. v. Campagna Per La Farmacie In Italia S.P.A.*, 678 F. Supp. 1049 (S.D.N.Y. 1987), *aff'd* 847 F.2d 53 (2d Cir. 1988)).

Courts differ on whether trademark infringement actions should be stayed pending TTAB proceedings. *See The Spring Air Co. v. Englander Licensing LLC*, 2001 WL 1543510, *2–3 (N.D. Ill. Nov. 29, 2001) (citing *Citicasters Co. v. Country Club Communications*, 1997 WL 715034 (C.D. Cal. July 21, 1997); *Nat'l Mktg. Consultants, Inc. v. Blue Cross Blue Shield Ass'n*, 1987 WL 20138 (N.D. Ill. Nov. 19, 1987); *C-Cure Chem. Co., Inc. v. Secure Adhesives, Corp.*, 571 F. Supp. 808 (W.D.N.Y. 1983); *Driving Force, Inc. v. Manpower, Inc.*, 498 F. Supp. 21 (E.D. Penn. 1980) in favor of granting a stay; citing *McGuire v. Regents of the Univ. of Mich.*, 2000 WL 1459435 (S.D. Ohio Sept. 21, 2000); *Fight for Children, Inc. v. Fight Night, Inc.*, 1997 WL 148643 (D.D.C. Mar. 26, 1997); *Maritz v. Cybergold, Inc.*, 947 F. Supp. 1328 (E.D. Missouri Aug. 19, 1996); *Forschner Group, Inc. v. B-Line A.G.*, 943 F. Supp. 287 (S.D.N.Y. 1996); *PHC, Inc. v. Pioneer Healthcare, Inc.*, 75 F.3d 75 (1st Cir. 1996); *Cash v. Brooks*, 906 F. Supp. 450 (E.D. Tenn. 1995); *Krause Int'l, Inc. v. Reed Elsevier, Inc.*, 866 F. Supp. 585 (D.D.C. 1994); *Hanlon Chem. Co., Inc. v. Dymon, Inc.*, 1991 WL 12869 (D. Kan. Jan. 30, 1991); *W & G Tenn. Imp., Inc.*, 769 F. Supp. 264; *MCA, Inc. v. Mid-Continent Adjustment Co.*, 1988 WL 89074 (N.D. Ill. 1988); *Goya*, 846 F.2d at 848; *Am. Bakeries Co. v. Pan-O-Gold Baking Co.*, 650 F. Supp. 563 (D. Minn. 1986) against granting a stay). In support of denying a stay, the district court noted that "most courts have held that the primary jurisdiction doctrine does not apply in such cases." *The Spring Air Co.*, 2001 WL 1543510 at *2.

This Court agrees with the reasoning found in *W & G Tennessee Imports* and *The Spring Air Company*. 769 F. Supp. 264; 2201 WL 1543510. A stay is not proper as, "[t]he particular area at

4

issue here – the likelihood of consumer confusion – is one within the conventional competence of the courts." *The Spring Air Co.*, 2001 WL 1543510 at *2 (internal quotation and citations omitted). In relation to the TTAB proceeding, the action before this Court has been alternatively termed "an independent judicial procceding", *Goya*, 846 F.2d at 852, and a "new action", *CAE, Inc. v. Clean Air Engineering*, 267 F.3d 660, 673 (7th Cir. 2001). Viewing the interests of the Parties provides further support for denying a stay:

> When a case involves infringement, "the interest in prompt adjudication far outweighs the value of having the views of the [TTAB]." *Goya*, 646 F.2d at 853–54. The litigant seeking relief is entitled to prompt resolution of the infringement issue so that it may conduct its business affairs accordingly. *Id.* at 854; *PHC, Inc.*, 75 F.3d at 80 (stating there is often urgency in infringement actions because ongoing business is involved and harm may be accruing).

*The Spring Air Co.*, 2001 WL 1543510 at *3. Judicial economy will not be facilitated by granting a stay in this instance. The Court denies Defendant's Motion.

Accordingly,

IT IS ORDERED that Defendant's Motion to Dismiss and/or Motion to Stay Court Proceedings Pending the Outcome of a Petitioner to Cancel US Reg. No. 2,048,705 Before the US Patent and Trademark Office **[Docket No. 12, filed May 5, 2005]** is DENIED.

IT IS FURTHER ORDERED that the Parties shall appear for a status conference on Monday, September 12, 2005, at 2:45 p.m.

      /s/ Denise Page Hood  
    DENISE PAGE HOOD  
    UNITED STATES DISTRICT JUDGE

DATED:   August 23, 2005